IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


| | | |
|---|---|---|
| EDWARD COMPTON *aka* <br> EDWARD JACKSON, #1394318 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv45 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Edward Compton, *aka* Edward Jackson, an inmate confined in the Texas prison system, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Petitioner is complaining about his Cook County conviction for murder, for which he was sentenced to twenty-five (25) years' confinement on May 11, 2006. Cause No. 00-341. The jury judgment was affirmed on appeal. *Compton v. State*, No. 02-06-00281-CR (Tex. App.–Fort Worth, December 20, 2007, no pet.). He did not file a petition for discretionary review (PDR). On November 19, 2008, the Texas Court of Criminal Appeals (CCA) denied his state application for writ of habeas corpus without written order. *Ex parte Compton*, App. No. 71,019-01.

In the present federal petition for habeas relief, Petitioner alleges that he is entitled to relief

based on the following:

1.  His right to due process was denied due to prosecutorial misconduct when the prosecutor:

    a.  presented false testimony to the grand jury;

    b.  withheld grand jury testimony in violation of *Brady*;

    c.  misled the jury;

2.  The indictment was fundamentally defective;

3.  The jury instructions were defective;

4.  He was denied effective assistance of counsel when trial counsel:

    a.  failed to challenge false testimony during the grand jury hearing;

    b.  failed to investigate the grand jury information; and

    c.  allowed the prosecutor to mislead the jury.

The Attorney General filed a Response, asserting that Petitioner's issues are without merit.

Petitioner filed a Reply.

## Statement of the Case

The Second Court of Appeals summarized the facts of the case:

During the early morning hours of June 7, 2000, Cassandra Calhoun, who worked with Raj Ramsinghani at a liquor store in Gainesville, went to Ramsinghani's small apartment after work to help him hook up a new VCR. Compton, who had lived with Calhoun on and off for a few years and considered her to be his common law wife, showed up at Ramsinghani's apartment shortly thereafter looking for Calhoun and intending that she leave with him. After Ramsinghani answered Compton's knock on the front door, Calhoun, who was sitting on a bedroom floor, heard Compton yelling and saw him "swinging with his fists" and "hitting" Ramsinghani. Ramsinghani did not swing back at Compton; he put his hands up in an attempt to defend himself from Compton's blows. As the altercation progressed, Compton and Ramsinghani moved towards the bedroom and a bathroom just before Compton

2

pushed Ramsinghani, causing him to fall backwards into the bathroom and strike the back of his head on an unknown object.  Calhoun did not see Ramsinghani hit the floor or the object that his head contacted while falling to the floor, but she heard a noise that sounded like Ramsinghani hit the wall or some other object.  After Ramsinghani fell to the floor, Compton bent over and struck Ramsinghani's face multiple times with his fists as Calhoun screamed at him to stop.  Compton stopped hitting Ramsinghani, noticed that there was blood coming out of  Ramsinghani's ears, and left the apartment before police arrived.

The incident left Ramsinghani in a coma with contusions and bruises on his face and a fracture to the rear base of his skull that caused a subdural and subarachnoid hemorrhage.  He died ten days later in a Fort Worth hospital.  The medical examiner listed Ramsinghani's cause of death as craniocerebral trauma due to blunt force injury of the head – an injury consistent with Ramsinghani's head moving at a rapid pace before contacting a hard surface.

The State subsequently indicted Compton for murder, alleging that Compton either intentionally or knowingly caused Ramsinghani's death or that, with intent to cause serious bodily injury, he committed an act clearly dangerous to human life that caused Ramsinghani's death.  At trial, an investigator testified that his office was unable to determine the object that Ramsinghani's head struck as he fell to the floor.  A police officer testified that he responded to a call at Ramsinghani's address about one month before the June 7, 2000 incident because Compton had been knocking on Ramsinghani's door, had broken one of the apartment's windows, and was intoxicated.  The officer arrested Compton.  Compton testified that he entered the apartment and pushed Ramsinghani off of him when Ramsinghani "grabbed" him.  Compton agreed that he pushed Ramsinghani, that Ramsinghani hit his head on an object, and that Ramsinghani died.  The jury ultimately convicted Compton of murder, and this appeal followed.

*Compton*, No. 02-06-00281-CR, slip op. at 2-3.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right.  *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law,

unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

### Due Process

Petitioner claims that his due process rights were violated. The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed.2d 100 (1990). Due process guarantees that a government actor cannot deprive a person of a constitutionally protected interest in life, liberty, or property without adequate procedural protections. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S.532, 546, 105 S. Ct. 1487, 1495, 84 L. Ed.2d 494 (1985). The key to a procedural due process claim is whether the petitioner was afforded the quantity of process to which he was constitutionally

entitled prior to the deprivation of a protected interest. *Id*.

Prosecutorial Misconduct

Petitioner claims that his due process rights were violated based on misconduct of the prosecutor. Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman v. State*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id*.

---

[1]Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id*.

*False Testimony Used at Grand Jury Hearing*

Petitioner asserts that the prosecutor engaged in prosecutorial misconduct by using false testimony at the grand jury hearing. However, he does not specify what testimony at the grand jury hearing was false. Petitioner makes his conclusory assertion, but does not attempt to show the allegedly false testimony given at the hearing. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

A review of the state habeas proceedings shows that Petitioner complained that the investigator, Mike Morris, gave false testimony to the grand jury. Specifically, Petitioner alleged that Morris told the grand jury that, although a diligent investigation had been made, the investigators were unable to determine what object the victim's head struck as he fell to the floor. However, at trial, Morris testified that the investigation showed that Petitioner caused the victim's death by causing the victim's head to strike either the wall or the floor. At trial, Morris also said he did not visit the scene of the murder himself.

William Zimmerer, the foreman of the grand jury, also testified at Petitioner's trial. He testified that the grand jury proceedings revealed that the object that the victim's head struck could not be identified with certainty. He also said that he understood that Morris had told the grand jury that he, Morris, had personally visited the murder scene.

In the interest of justice, if this Court assumes that this is the issue that Petitioner intended

to bring in the instant petition, his claim is based on speculation. He has not shown the testimony that was presented to the grand jury. His speculation is presumably based on Zimmerer's recollection from six years earlier that Morris told the grand jury that he had visited the crime scene and that the object upon which the victim's head struck was not ascertained. Conclusory and speculative claims are insufficient for habeas relief. *Murphy v. Johnson*, 205 F.3d 809, 813-14 (5th Cir. 2000) (habeas petition must plead more than conclusory and speculative allegations of prosecutorial misconduct for relief); *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Moreover, Petitioner fails to allege that the prosecutor knew that any testimony was false. To succeed on a prosecutorial misconduct issue, a petitioner must show the materiality of the alleged false testimony and that the prosecutor knew the testimony was false. *Giglio v. United States*, 405 U.S. 150, 153-54, 92 S. Ct. 763, 765-66, 31 L. Ed.2d 104 (1972). In this case, Petitioner has failed to show that Morris's alleged grand jury testimony was material as the testimony in question related only to the diligence of the investigating officers in their attempt to determine whether the victim's head struck the floor or the wall. Petitioner has also failed to show that the prosecutory knew that any testimony was false. Petitioner has not shown that he was not afforded the quantity of process to which he was constitutionally entitled. *Loudermill*, 470 U.S. at 546, 105 S. Ct. at 1495. This issue is without merit. It must fail for the additional reason that Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

*Brady Evidence Withheld*

Petitioner next seems to assert that the prosecutor withheld grand jury testimony in violation of *Brady*. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

(1) the prosecution suppressed evidence;

(2) the suppressed evidence was favorable to the defense; and

(3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a petitioner show that discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector*, 120 F.3d at 558. The state does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

Again, Petitioner has failed to present specifics concerning the alleged material withheld in

violation of *Brady*. In his state habeas proceedings, he asserted error based on his speculation as to the content of Morris's testimony to the grand jury, which was inconsistent with Zimmerer's trial testimony of his recollection of grand jury proceedings from six years earlier. The inconsistency between Morris's and Zimmerer's testimony at trial – that Morris visited the crime scene personally and that the victim's head struck either the wall or the floor – does not show that Morris presented false testimony to the grand jury. Inconsistencies in witnesses' testimony at trial are to be resolved by the trier of fact, and do not suffice to establish that certain testimony was false. *Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988).

Moreover, Petitioner has not shown that the evidence is material to guilt or innocence. The indictment alleged that Petitioner struck the victim in the head with his hands and caused the victim's head to strike an "object unknown to the Grand Jury" that ultimately caused the victim's death. At trial, the evidence showed that the investigating officers had been diligent in attempting to determine what object the victim's head struck. The evidence that Petitioner complains of relates only to the State's showing that the officers were diligent in their investigation. This evidence does not advance a determination of guilt or innocence – it simply speaks of the sufficiency of the evidence presented to the grand jury, which is irrelevant at his trial. In other words, Petitioner has not shown that the alleged *Brady* evidence was material. Petitioner has also failed to show that there was a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Derden*, 938 F.2d at 617. Thus, there is no due process right violation under *Brady* because the evidence allegedly withheld was not material. *Id*. Petitioner has not shown that he was not afforded the quantity of process to which he was constitutionally entitled. *Loudermill*, 470 U.S. at 546, 105 S. Ct. at 1495.

Additionally, Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

*False Representation Concerning Jury Instructions*

Petitioner next claims that the prosecutor "lied to the jury about the charge on the jury instruction." Petitioner again does not state with any specificity which statements he contends are improper or untrue. However, a review of his state habeas proceedings shows that he claimed the prosecutor lied to the jury by stating that Petitioner shoved the victim, which caused the victim to hit his head.

The record reflects that evidence was presented at trial showing that Petitioner struck the victim in the face, pushed him to the floor causing him to hit his head on an unknown object, and then continued to strike him after he fell. The prosecutor's statements were a summarization of the evidence, which is permissible during jury argument. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex. Crim. App. 1973) (In Texas, proper argument includes (1) a summation of the evidence, (2) reasonable deductions or inferences from the evidence, (3) an answer to argument of opposing counsel, and (4) a plea for law enforcement.)

Moreover, Petitioner raised this issue in his state habeas proceedings, which the Court of Criminal Appeals denied. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152. Furthermore, Petitioner has not show that the prosecutor's actions deliberately violated an express court order or that they were "so blatant as

to border on being contumacious." *Stahl*, 749 S.W.2d at 830. He has not shown that the prosecutor's questioning was clearly calculated to inflame the minds of the jury and was of such a character as to suggest the impossibility of withdrawing the impression produced. *Huffman*, 746 S.W.2d at 218. Finally, he has not shown that the prosecutor's questioning and comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. Essentially, the prosecutor summarized the evidence, which is permissible argument. *Alejandro,* 493 S.W.2d at 231.

Petitioner has failed to demonstrate due process violations based on prosecutorial misconduct. He has not shown that he was not afforded the quantity of process to which he was constitutionally entitled. *Loudermill*, 470 U.S. at 546, 105 S. Ct. at 1495. Further, he is not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

Defective Indictment

Petitioner asserts that he was denied due process because the allegations in the indictment were not supported by grand jury testimony. Initially, the Court notes that a defective indictment does not deprive a court of jurisdiction, and a defect in the indictment does not deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 1785, 152 L. Ed.2d 860 (2002). The sufficiency of a state indictment is appropriate for federal habeas

corpus relief only when it can be shown that the indictment is so defective that it deprives the convicting court of jurisdiction. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *Id*. The Fifth Circuit has held that the district court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994), *cert. denied*, 513 U.S. 854, 115 S. Ct. 157, 130 L. Ed.2d 95 (1994).

Petitioner's state application for writ of habeas corpus was denied without written order by the Texas Court of Criminal Appeals, and constitutes an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Torres*, 943 S.W.2d at 472 (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). The denial constitutes a rejection of his defective indictment complaint. When it denied the state writ, it necessarily found that the indictment conferred jurisdiction on the trial court and that the indictment was sufficient. He has not shown that he was not afforded the quantity of process to which he was constitutionally entitled. *Loudermill*, 470 U.S. at 546, 105 S. Ct. at 1495.

Furthermore, federal district courts exceed their "powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S. Ct. 2369, 2373, 101 L. Ed.2d 228 (1988). Additionally, "errors before the grand jury will often be deemed harmless if the defendants were subsequently and properly convicted before an impartial petit jury." *United States v. Flores*, 56 F.3d 319, 328 (1st Cir. 1995). Once a defendant has been found guilty at trial, "the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for

which they were convicted." *United States v. Mechanik*, 475 U.S. 66, 67, 106 S. Ct. 938, 940, 89 L. Ed.2d 50 (1986). Petitioner has not stated a basis for federal habeas relief. *McKay*, 12 F.3d at 68. He also has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Jury Charge

Petitioner claims that the jury charge in his case was fundamentally defective. When examining this type of complaint, the question is whether the jury instruction, by itself, rendered the trial fundamentally unfair, thus denying the defendant due process. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed.2d 385 (1991). Error is deemed harmless unless the petitioner can show that it had "substantial and injurious effect" or influence in deciding the jury's verdict. *Pyles v. Johnson,* 136 F.3d 986, 993 (5th Cir. 1998). Where there is overwhelming evidence of a defendant's guilt, habeas relief must be denied, even in cases where trial counsel failed to object to a jury instruction that would warrant automatic reversal under state law even without an objection. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Lewis v. Procunier*, 746 F.2d 1073 (5th Cir. 1984). In examining habeas claims of improper jury instructions, the inquiry is "whether there was prejudice of constitutional magnitude." *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986).

In the instant case, Petitioner fails to state how the jury charge was defective, or how the alleged error rose to a "constitutional magnitude." *Id*. Accordingly, it is conclusory and should be dismissed. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*,

870 F.2d at 288; *Schlang*, 691 F.2d at 799. At trial, overwhelming evidence of Petitioner's guilt was presented – that Petitioner came to the victim's residence, struck him many times, pushed him, which caused him to fall and hit his head on an unknown object, and which ultimately caused his death. Accordingly habeas relief must be denied. *Moawad*, 143 F.3d at 946. Furthermore, the CCA considered this issue in Petitioner's state habeas proceedings and denied relief. It necessarily found that there was no error in the jury charge in light of the trial as a whole that so infected procedure that Petitioner was denied an impartial trial. *See, e.g., Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Ineffective Assistance of Counsel

Petitioner asserts that he is entitled to relief based on several instances of ineffective assistance of counsel.

Legal Standard

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L.

Ed.2d 864 (1984).  The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment.  466 U.S. at 690, 104 S. Ct. at 2066.  The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance.  *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).  *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982);  *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).  Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067.   If he fails to prove the prejudice component, the court need not address the question of counsel's performance.  *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Failure to Challenge False Testimony Given to Grand Jury

Petitioner first claims that he is entitled to relief based on ineffective assistance of counsel because his trial counsel failed to challenge the false testimony that was given to the grand jury. He again fails to provide specific allegations concerning the false testimony.  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief.  *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

This Court has already determined that Petitioner has presented no evidence of false testimony being given to the grand jury.  Presumably, Petitioner is complaining here of the inconsistency between Morris's and Zimmerer's testimony.  However, the record shows that trial counsel attempted to impeach the credibility of Morris' testimony with Zimmerer's testimony.  Thus,

Petitioner has not shown deficient performance.

The evidence presented at trial included substantial eye-witness and expert testimony identifying Petitioner as the perpetrator, that he struck the victim, pushed him to the ground, and continued to strike him in the head, and caused the victim's death. Accordingly, even if deficient performance was shown, Petitioner has failed to show prejudice. Morris's testimony to the grand jury was not material to Petitioner's guilt or innocence. He has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Failure to Obtain Grand Jury Information

Petitioner asserts that his counsel was ineffective for failing to "make a serious effort to obtain the grand jury information." A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Petitioner has failed to state with specificity what information his trial counsel should have investigated or obtained, or how it would have altered the outcome of his trial. *Id*. A review of the record reveals that trial counsel filed discovery requests relating to the grand jury testimony. Thus, the record contradicts Petitioner's assertion. He has failed to show deficient performance or prove

that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

Failure to Object to the Prosecutor's Jury Argument

Petitioner complains that his counsel was ineffective for allowing the prosecutor to mislead the jury. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

This Court first notes that Petitioner has failed to specify which statements by the prosecutor

18

were false or misleading. Based on a review of his claims in his state habeas proceedings, he challenged the prosecutor's closing argument, "you find the Defendant guilty of the greatest offense that he's guilty of . . . . You don't hold him guilty of some lesser conduct just because he's guilty of that conduct . . . . And that's what we'll be asking you to do in this case." The prosecutor's statements were pleas for law enforcement, which is a proper jury argument. *Alejandro,* 493 S.W.2d at 231. Additionally, the prosecutor's statement that Petitioner shoved the victim was also proper jury argument as it was a summation of the evidence. *Id.* Because the prosecutor's comments were proper jury arguments, an objection would have been futile. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel not required to make futile motions or objections). Thus, trial counsel cannot be found ineffective for failing to object. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Likewise, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

### Conclusion

In each of his ineffective assistance of counsel claims, Petitioner has failed to demonstrate a reasonable probability that the result of the trial would have been different, but for counsel's strategy. He has not show that counsel's performance was deficient or that he was prejudiced. Further, federal habeas corpus relief will not issue to correct errors of state constitutional, statutory,

or procedural law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In all of his claims, Petitioner has failed to show error or that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be denied and dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases

where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

      **SIGNED this 13th day of February, 2012.**

_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE